EXHIBIT A

11-27-17 @ 2:00

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/21/2017**
Clerk of the Superior Court
By Isia Vazquez, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SYNCHRONY BANK, Does 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ALEXIOS KAFATOS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2017-00957266-CL-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: *(Fecha)* 11/21/2017 David H. Yamasaki, Clerk of the Court Clerk, by *(Secretario)* [signature] I. Vazquez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **SYNCHRONY BANK**
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 11-27-17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**11/21/2017**
Clerk of the Superior Court
By Isia Vazquez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**LIMITED JURISDICTION**

**ALEXIOS KAFATOS,**

Plaintiff,

vs.

**SYNCHRONY BANK,** Does 1-10 inclusive,

Defendant.

Case No. 30-2017-00957266-CL-NP-CJC

**COMPLAINT**
**(Amount not to exceed $10,000)**

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, ALEXIOS KAFATOS ("Plaintiff"), is a natural person residing in ORANGE County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, SYNCHRONY BANK, ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt

from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. Defendant started making numerous phone calls to Plaintiff regarding an alleged debt, and contacted Plaintiff's cell phone number ending in -3062. Defendant has made numerous harassing calls to Plaintiff and to Plaintiff's relatives; Plaintiff had advised multiple times for Defendant to stop making phone calls, but Defendant fails to cease the calls. Defendant called Plaintiff from several phone numbers that were verified as numbers owned by Defendant.

6. Defendant made enough calls to be considered harassment, and thus caused high levels of stress to Plaintiff.

7. Furthermore, during all relevant times, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

8. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

9. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

10. During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

11. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)) ;and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

f) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b))

g) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & § 1692c(b));

h) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b)).

12. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

13. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees;
D. For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

16. Plaintiff incorporates by reference all of the preceding paragraphs.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

18. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

19. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

20. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

21. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the

future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;
B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and
C. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 21st day of November, 2017.

By: ______________

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff